1  Mark F. Anderson (SBN 44787)
   Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
2  445 Bush Street, 6th Floor
   San Francisco, CA 94108
3  Ph: (415) 861-2265
   Fax: (415) 861-3151
4  mark@kaboblaw.com
5
   Attorneys for Plaintiff Norman V. Gomes, Jr.
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 NORMAN V. GOMES, JR,                    )   Case No.
                                           )
12          Plaintiff,                     )
                                           )
13     v.                                  )   COMPLAINT
                                           )
14                                         )   (Fair Credit Reporting Act
15 RICKENBACKER GROUP, INC., a California  )   15 USC § 1681 et seq., Fair Debt
   corporation dba Rickenbacker Collection Services, )  Collection Practices Act, 15 USC§ 1692
16 EXPERIAN INFORMATION SOLUTIONS, INC, )   et seq., and related state law claims;
   a Ohio corporation;                     )   related state law claims]
17                                         )
            Defendants.                    )   DEMAND FOR JURY TRIAL
18 _____)

19

20                     **Jurisdiction and Venue**

21      1.      This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681

22 *et seq.*  (FCRA). The court has jurisdiction pursuant to 15 USC §1681p.

23      2.      Plaintiff brings claims against the defendant credit reporting agency Experian

24 Information Solutions, Inc., an Ohio corporation, and defendant Rickenbacker Group, Inc. dba

25 Rickenbacker Collection Services ("Rickenbacker"), a California corporation, based on

26 violations of the Fair Credit Reporting Act.

27

28 *Gomes v Rickenbacker, et al.*, ND Cal. case no.
   Complaint and Jury Demand                                                    1

3.      Plaintiff also brings claims against Rickenbacker pursuant to the California Fair Debt Collections Act, California Civil Code § 1788 *et seq* and California Consumer Credit Reporting Agencies Act, California Civil Code  § 1785.25. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over these state law claims.

4.      Venue is proper in this district. Defendant Rickenbacker has its principal place of business within this district.

### Description of the Case

5.      On or about February 26, 2009, plaintiff received a letter from Rickenbacker stating plaintiff's account had been assigned to Rickenbacker. The letter explained that the account represented charges due for towing and storage of a 1997 Honda Civic that had been towed by Camarillo Towing, Inc. on December 19, 2008.

6.      Plaintiff immediately called Rickenbacker and explained that he had not owned or had any interest in the car for over 10 years. Plaintiff explained that when he sold the car he filed a Release of Liability with DMV. Plaintiff explained he had a copy of the Release of Liability in his files.

7.      Rickenbacker's response was that plaintiff had to send Rickenbacker a copy of a Release of Liability with DMV's file-stamp on it **and** that it had to be file-stamped bef**or**e the date of its February 2009 demand letter. Since plaintiff did not have a file-stamped copy of the Release of Liability, it was impossible for plaintiff to comply with the request.

8.      California Vehicle Code § 5602 states that a vehicle owner who has made a bona fide sale or transfer of a vehicle and delivered it to the purchaser or transferee is Code is no longer liable for parking, abandoning, or operation of the vehicle so long as the seller or transferor has either made proper endorsement and delivery of the certificate of ownership (pink slip) **or** has sent a notice of sale or transfer to DMV.

9.      Accordingly, under the Vehicle Code and as dictated by common sense, plaintiff was not liable for the tow bill and was not under any obligation to take any additional steps to satisfy Rickenbacker.

10.     The original owner of the 1997 Honda Civic was in an accident sometime in late 1997 or early 1998. The owner's insurance company totaled the car and sold it at a salvage vehicle auto auction to plaintiff Gomes sometime on or about March 14, 1998.

11.     Plaintiff Gomes did the work to enable the car to be sold as a salvaged vehicle and DMV issued a salvage title on the vehicle on August 18, 1998.

12.     Plaintiff sold the car to a third party on August 27, 1998. Plaintiff prepared a DMV Release of Liability and sent it to DMV on or about that date.

13.     The 1997 Honda Civic was sold from one person to another over the period August 1998 to date. As of the date of the towing incident, the car was owned by Mario Reyes Bermudez.

14.     Defendant Rickenbacker is a collection agency that specializes in collecting unpaid tow bills.

15.     Defendant Rickenbacker is one of Experian's subscribers. As such, it has access to its credit files (which include virtually the entire U.S. population) and has the ability to report alleged debts on individuals, which debts appear on its credit reports.

16.     Beginning in May 2009, Rickenbacker reported to Experian that plaintiff owed $1,325 for the tow bill. This report is scheduled to remain on plaintiff's credit report until September 2015. The effect of the report was and is to drastically lower plaintiff's credit score and to make it difficult or impossible for him to get credit at all or at a reasonable interest rate.

17.     In June 2009, plaintiff disputed the Rickenbacker account with Experian

explaining he had not owned the Honda Civic for over ten years.

18.     As required by the FCRA, Experian was required to conduct a reasonable investigation as to whether the account should be on plaintiff's credit files. As part of the investigation, Experian contacted Rickenbacker about the dispute.

19.     On July 2, 2009, Experian reported back to plaintiff that the account was to remain on his credit files.

20.     Experian failed to conduct a reasonable reinvestigation of the Rickenbacker report after plaintiff disputed the debt.

21.      Rickenbacker failed to fulfill its obligations under 15 USC § 1681s-2(b) to conduct a reasonable investigation of the dispute after it was notified by Experian that plaintiff disputed the account.

22.     The Rickenbacker account information published by Experian lowered plaintiff's credit score to the point he was turned down for credit on more than one occasion.

**The Parties**

23.     Plaintiff Norman Gomes ("plaintiff") is a consumer as defined by 15 USC §1681a(c), and a resident of Northridge, California.

24.     Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

25.     Defendant Rickenbacker is a debt collector and furnisher of information to Experian with its principal place of business in Morgan Hill, CA.

**First Claim: Experian's Violations of the Fair Credit Reporting Act, 15 USC § 1681i**

26.     Plaintiff incorporates by reference ¶¶ 1-25.

27.     The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).  The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

28.     Within the two years preceding the filing of this complaint, plaintiff notified defendant Experian of inaccuracies contained in its report on plaintiff and has asked it to reinvestigate and correct the inaccuracy.

29.     Experian failed to conduct a proper reinvestigation of the items of information that plaintiff has disputed.

30.     On information and belief, Experian failed to provide timely and complete notification to the furnisher of the disputed information.

31.     On information and belief, Experian failed to review and consider all relevant information submitted by plaintiff.

32.     Experian violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiff. These violations by defendants were

negligent and willful.

33.     As a result of the above-described violations of § 1681i, plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

34.     Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against Experian.

35.     Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Violations by Rickenbacker of the Fair Credit Reporting Act, 15 USC § 1681s-2(b)**

36.     Plaintiff incorporates by reference ¶¶ 1--25.

37.     The FCRA requires a furnisher, after receiving notice from a credit reporting agency such as Experian  that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

38.     Within the last two years, the defendant Rickenbacker has furnished inaccurate information about plaintiff to Experian.

39.     Within the past two years, plaintiff has notified the Rickenbacker that she disputes the inaccurate information reported by it.

40.     On information and belief, Experian has notified Rickenbacker that plaintiff has disputed the information it has furnished concerning plaintiff.

41.     Plaintiff is informed and believes that Experian provided Rickenbacker with the relevant information plaintiff provided to Experian, as required by 15 USC § 1681i(a)(2).

42.     Rickenbacker negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to Experian, by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff, and by failing to report to Experian that the account was disputed by plaintiff Gomes.

43.     As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

44.     Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

45.     Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Third Claim: Violations by Rickenbacker of the California Fair Debt Collection Act**

46.     Plaintiff incorporates by reference ¶¶ 1--25.

47.     Rickenbacker is in the business of collecting debts in this state using the mail and telephone. Its principal business is the collection of debts in this state. Rickenbacker regularly attempts to collect debts alleged to be due to another.

48.     Rickenbacker is a debt collector as defined by the California Fair Debt Collection Act, Civil Code § 1788 *et seq*.

49.      On numerous dates, plaintiff notified Rickenbacker orally that the account did not belong to him.  However, Rickenbacker thereafter failed to cease and desist from its collection activities.

50.     Defendant Rickenbacker violated Civil Code § 1788.17 by using false, deceptive or

misleading representations or means in connection with the collection of the alleged debt.

51. The acts alleged above caused plaintiff damages, including emotional distress.

52. As a result of the above violations of the FDCPA, the defendant debt collector is liable to plaintiff for actual damages, statutory damages, and costs and attorney's fees.

**Fourth Claim: Violations by Rickenbacker of the California Civil Code §§ 1785.25 *et seq*.**

53. Plaintiff incorporates by reference ¶¶ 1—25.

54. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

55. Defendant Rickenbacker negligently and willfully furnished information to defendant Experian that it knew or should have known was inaccurate.

54. Based on Rickenbacker's violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded her by § 1785.31, including actual damages, loss of wages, attorney's fees, pain and suffering, punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

On the First and Second claims, for violations of the Fair Credit Reporting Act:

1.      Actual damages;

2.      Statutory damages;

3.      Punitive damages;

4.      Costs of the action together with reasonable attorneys fees as determined by the court.

On the Third Claim against Rickenbacker for violations of the Fair Debt Collection

Practices Act:

    1.      A declaratory judgment that said defendant's conduct violated the FDCPA;

    2.      Actual damages;

    3.      Statutory damages pursuant to 15 USC § 1692k;

    4.      Costs and reasonable attorney's fees pursuant to 15 USC § 1692k;

On the Fourth Claim against Rickenbacker for violations of the California Civil Code:

    1.      Actual damages, including court costs, loss of wages, attorney's fees, and pain and suffering;

    2.      Punitive damages of $5,000;

    5.      Such other relief as the Court may deem proper.

Dated: July 9, 2009.         KEMNITZER, ANDERSON, BARRON,
                            OGILVIE & BREWER LLP

                        By /s/ Mark F Anderson
                          Mark F. Anderson
                      Attorney for Plaintiff Norman Gomes

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: July 9, 2009.         KEMNITZER, ANDERSON, BARRON,
                            OGILVIE & BREWER LLP

                        By /s/ Mark F Anderson
                          Mark F. Anderson
                      Attorney for Plaintiff Norman Gomes